STATE OF MAINE
LINCOLN, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. WISSC-RE-13-43

| | |
|---|---|
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION )<br><br>PLAINTIFF )<br><br>v. )<br><br>ANGELA PLUNK )<br><br>DEFENDANT ) | **JUDGMENT OF FORECLOSURE AND SALE; TITLE OF REAL ESTATE IS INVOLVED** |

**20 Fort Hill Street, Wiscasset, Maine**
**Lincoln County Registry of Deeds in Book 4196, Page 92**

After trial, the Court finds as follows:

1.     That the parties have received notice of the proceedings in this action, and that the notice was given in accordance with the applicable provisions of the Maine Rules of Civil Procedure.

2.     That venue is properly laid in this Court.

3.     That the Plaintiff is entitled to judgment as a matter of law.

4.     That Defendant is in breach of the terms of a certain promissory note held by the Plaintiff dated August 28, 2009, (the "Note"), with such breach constituting a default by the Defendant, and upon such default, proper notice of default was sent to the Defendant.

5.     That the default of the Note caused a breach of the Mortgage.

6.     That Plaintiff is the mortgagee of record of a mortgage on real estate located at 20 Fort Hill Street, Wiscasset, Lincoln County, State of Maine to secure the Note, which mortgage is recorded in the Lincoln County Registry of Deeds in Book 4196, Page 92  ("Mortgage"); the legal description of which mortgaged property contained in the Mortgage ("Property") is incorporated herein by reference and attached hereto as Exhibit A.

1

7.     That as of April 5, 2016, the following amounts are owed to Plaintiff under the terms of the Note and Mortgage:

| | |
|---|---|
| a. Principal Balance | $125,042.74 |
| b. Accrued Interest | $20,153.06 |
| (plus interest at a per diem of $18.84) | |
| c. Property Inspections/Preservation | $2,256.40 |
| d. Escrow Advances | $10,433.69 |
| **Sub Total:** | **$157,885.89** |

Pursuant to 14 M.R.S.A. § 1602-C, the interest after judgment accrues at a rate of 6.65% per annum because the Note rate is less than 6.65%, the weekly average one-year United States Treasury bill rate as published by the Board of Governors of the Federal Reserve System for the last full week of 2015 plus 6%. Plaintiff is awarded Attorney's Fees in the amount of $5,375.00 and Attorney's Disbursements in the amount of $2,491.92. Plaintiff is entitled to add any post-judgment attorney's fees and disbursements in connection with the foreclosure.

Plaintiff is entitled to add any additional amounts advanced by Plaintiff regarding its mortgage security.

8.     That the order of priorities and amount of the claims of the parties who have appeared in this action for distribution from the proceeds of sale, after payment of expenses of sale, in this case are as follows:

a.   Plaintiff in the amount of $157,885.89, plus accrued interest from and including April 6, 2016 at the rate of 5.5% interest per annum $18.84 per day to the date of judgment plus interest after judgment at a rate of 6.65% interest plus further legal fees and expenses incurred by Plaintiff as described in Paragraph 7 above, plus any amounts advanced by Plaintiff related to its mortgage security, including but not limited to insurance premiums and real estate taxes;

b.   Defendant: Angela Plunk any further surplus proceeds from sale.

9.     That the names and addresses (if known) of all parties to this action and their counsel of record are identified as follows:

JPMorgan Chase Bank, National Association
c/o Bendett & McHugh, P.C.
Paul D. Weinstein, Esq.
30 Danforth Street, Suite 104
Portland, ME 04101

2

Angela Plunk
1500 NE 25th Ct
Pompano Beach, FL 33064-6957

10. That the Plaintiff's claim for attorney fees is not integral to the relief sought, within the meaning of M.R.Civ.P. 54(b)(2); and

11. That Mediation has been completed as evidenced by the Final Mediator's Report dated May 12, 2015.

12. That there is no just reason for delay in the entry of final judgment for Plaintiff on all claims, except for the claim for Attorney's fees and disbursements and additional amounts advanced by Plaintiff related to its mortgage security incurred by Plaintiff after the date of Plaintiff's Affidavit, for the following reasons:

    a. If judgment is granted but not entered as final, the time periods set forth in 14 M.R.S.A §§ 6322 and 6323 will commence even though the judgment is subject to later revision;

    b. The Plaintiff and any bidders at the foreclosure sale would be exposed to some risk in proceeding to a sale if judgment is not final and remains subject to revision; and

    c. Any dispute regarding post-judgment Attorney's fees and disbursements or additional amounts advanced by Plaintiff related to its mortgage security may be resolved by the Defendant filing a motion contesting Plaintiff's Report of Public Sale as provided in 14 M.R.S.A. § 6324.

**WHEREFORE**, it is hereby Ordered and Decreed:

A. That if Defendant, her heirs and assigns, do not pay the Plaintiff the amounts adjudged to be due to Plaintiff as set forth in Paragraph 7 above within ninety (90) days from the date of entry of this Order, Plaintiff (through its agents or attorneys) shall proceed with a sale of the Property described in the Mortgage, pursuant to 14 M.R.S.A. §§ 6321-6324, free and clear of all liens, except liens senior to Plaintiff's Mortgage, and shall pay the proceeds of sale, after satisfying expenses of sale, in the amounts, manner, and priority set forth in Paragraph 8 above;

B. That the Clerk is hereby directed to enter this Order and Judgment of Foreclosure and Sale as a final judgment pursuant to Rule 54(b)(l), except as to any additional post-judgment Attorney's fees and disbursements or additional amounts advanced by Plaintiff related to its mortgage security;

C. That if Defendant fail to redeem by paying the above amounts adjudged to be due on or before ninety (90) days from the date of entry of this Order, or within such additional

3

time as Plaintiff may in its sole discretion allow, or if Defendant abandon the Property, Plaintiff shall then be entitled, at its option, to take exclusive possession of the Property described in Plaintiff's Mortgage, and Clerk shall issue a Writ of Possession at the request of Plaintiff;

D. That Plaintiff is entitled, at its option, to have a receiver appointed to collect the rents of the Property pursuant to the Mortgage;

E. That an execution shall issue against Defendant for any deficiency, provided the requirements are met, but that no deficiency shall issue against any Defendant who has received a discharge in bankruptcy for this debt , nor shall a deficiency issue against anyone who did not actually execute a promissory note or other document creating an obligation to pay;

F. That Plaintiff shall specify Attorney's fees and disbursements incurred after the date of Attorney's Fees and Disbursements Affidavit in its Report of Public Sale, which shall then constitute a timely application for an award of additional attorneys' disbursements, notwithstanding the requirements of M.R.Civ.P. 54(b)(3) to file such application within sixty (60) days after judgment; Defendant may contest the Report and application for additional Attorney's fees and disbursements by filing a motion pursuant to 14 M.R.S.A. §6324;

G. That once the applicable appeal period has expired, Plaintiff shall prepare and the Clerk shall execute an appropriate certification either that no action was taken or that an appeal was filed, and Plaintiff shall then record the said certification and a copy of this Judgment in the Lincoln County Registry of Deeds and pay the recording fees therefore, in compliance with 14 M.R.S.A. § 2401(3), such fees and costs so incurred by Plaintiff to be added to and become part of the mortgage indebtedness secured by the Mortgage; and

H. That the Clerk shall enter the following in the docket:

"Order and Judgment of Foreclosure and Sale dated _____April 11_____, 2016 for the Plaintiff as a final judgment except for additional Attorney's fees and disbursements and any additional amounts advanced by Plaintiff related to its mortgage security, and said Order is incorporated in the docket by reference. This entry is made in accordance with M.R.Civ.P. 79(a) at the specific direction of the Court."

Dated: _____APR 1 1 2016_____

Justice, Lincoln County Superior Court
Daniel Billings

Date entered in the docket: _____4|11|16_____

4

## **CERTIFICATION OF CLERK PURSUANT TO 14 M.R.S.A. § 2401(3)(F)**

Pursuant to 14 M.R.S.A. § 2401(3)(F), it is hereby certified that no notice of appeal of the Judgment of Foreclosure and Sale in this matter was filed with the Clerk of Court in this action within the appeal period following the entry of judgment.

Dated: _____        _____

                                                            Clerk of Court

# EXHIBIT A TO MORTGAGE

A certain lot or parcel of land with the building thereon, situated in the Town of Wiscasset, County of Lincoln and State of Maine, bounded and described as follows, to wit:

BEGINNING at Forth Hill Street at land formerly owned or occupied by Jon Nute;

THENCE by said Nute's land eight (8) rods to land formerly of Benjamin F. Bailey, deceased;

THENCE southerly by said land formerly of said Bailey and land formerly of Loring Dow five (5) rods to a stake;

THENCE easterly eight (8) rods to Fort Hill Street parallel with the first line;

THENCE by said street northwesterly to point first mentioned.

Being the same premises conveyed to Angela Plunk of even or recent date to be recorded in the Lincoln Registry of Deeds.